UNITED STATES of America, Plaintiff,

v.

Gerald WRIGHT, Defendant.

UNITED STATES of America, Plaintiff,

v.

Susan WRIGHT, Defendant.

Nos. 94–1188M, 94–1189M.

United States District Court,
D. Colorado.

June 24, 1994.

**1014**

James Winchester, Asst. U.S. Atty., Denver, CO, for the U.S.

Martha Horwitz, Denver, CO, for Susan Wright.

Griffith Kundahl, Denver, CO, for Gerald Wright.

**ORDER**

BORCHERS, United States Magistrate Judge.

THESE MATTERS came before the Court for trial on June 20, 1994. Present were the following: James Winchester, Assistant United States Attorney; Martha Horwitz, attorney for Defendant Susan Wright; Susan Wright; Griffith Kundahl, attorney for Defendant Gerald Wright; and Gerald Wright.

The Court was presented with a number of motions that had been recently filed. Defendants wished to take up initially the motion to dismiss as to the charge of disorderly conduct. That motion was argued and granted. The Court's oral comments are included by reference.

**I.**

Defendants were charged with an alleged violation of *Colo.Rev.Stat.* § 18–9–106(1)(b). This charge was denominated "Disorderly Conduct." The state statute is applicable to federal property due to the Assimilative Crimes Act, 18 U.S.C. § 13.

The facts for purposes of this motion are not in dispute. Defendants went to the Veteran's Administrative Hospital in Denver, Colorado on January 25, 1994. It is alleged that they made threats to the staff of the hospital while within one of the hospital buildings. Both Defendants were charged under the cited Colorado statute.

Defendants argued that the hospital was not a "public place" as required by the statute. The prosecution opposed the motion, with the Court granting the same from the bench.

**II.**

The charge contained in the Amended Information is Disorderly Conduct. The Colorado Legislature has provided in *Colo.Rev. Stat.* § 18–9–106 as follows:

(1) A person commits disorderly conduct if he intentionally, knowingly, or recklessly:

(b) Abuses or threatens a person in a public place in an obviously offensive manner.

The term that is at issue is "public place". It is undefined also in other parts of the Colorado criminal code.

Defendants moved to dismiss on the basis that the VA Hospital was not a "public place." The prosecution responded that the hospital was a public place, as there was no basis for anyone to have any expectation of privacy while there.

From the Court's perspective, there is no case law to provide any guidance. The Colorado legislature, though, has passed a specific statute dealing with public buildings. *Colo.Rev.Stat.* § 18–9–110. There has been also an enactment of a specific statute dealing with public property, *Colo.Rev.Stat.* § 18–9–111, and educational buildings and property, *Colo.Rev.Stat.* § 18–9–109. Con-

duct is regulated by these specific statutes, rather than by the disorderly conduct statute. Indeed, the Colorado legislature has provided that *Colo.Rev.Stat.* § 18–9–110 applies to conduct at buildings owned by the federal government.

This Court finds that the term "public place" does not include a public building covered by the specific provisions of *Colo.Rev. Stat.* § 18–9–110. The Colorado legislature has excluded from the term "public place" those areas mentioned in other statutes. For this reason, the motion to dismiss is granted without prejudice.

IT IS HEREBY ORDERED that Defendants' motion to dismiss the disorderly conduct charge is granted without prejudice; and

IT IS FURTHER ORDERED that the prosecution may file an amended information in this case on or before July 1, 1994, and this case will remain open if that information is filed; and

IT IS FURTHER ORDERED that all other motions are deferred.